UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21227-CIV-LENARD
MAGISTRATE P. A. WHITE

ABDEL HAMZE,                          :

       Plaintiff,                  :

v.                                    :          REPORT OF
                                                 MAGISTRATE JUDGE
SGT. JOHN DOE, et al.,
                                      :

       Defendants.                 :
_____

## I. Introduction

The pro-se plaintiff, Abdel Hamze, currently confined at the Santa Rosa Correctional Institution, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1), claiming that he was assaulted by various John and Jane Does at the South Florida Reception Center. The plaintiff seeks monetary damages and injunctive relief. The plaintiff will be permitted to proceed  in forma pauperis.

This Cause is before the Court for an initial screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915, referred to the Undersigned Magistrate Judge.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

                    *    *    *

          (e)(2) Notwithstanding any filing fee, or
    any portion thereof, that may have been paid,
    the court shall dismiss the case at any time
    if the court determines that –

                    *    *    *

          (B) the action or appeal –

                    *    *    *

          (i)  is frivolous or malicious;

          (ii) fails to state a claim on which
    relief may be granted; or

          (iii) seeks monetary relief from a
    defendant who is immune from such
    relief.

     This is a civil rights action Pursuant to 42 U.S.C. §1983.
Such actions require the deprivation of a federally protected right
by a person acting under color of state law. See 42 U.S.C. 1983;
Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson,
758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining
whether a complaint states a claim upon which relief may be granted
is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P.
12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint
is "frivolous under section 1915(e) "where it lacks an arguable
basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert.
denied, 534 U.S. 1044 (2001).  Dismissals on this ground should
only be ordered when the legal theories are "indisputably
meritless," id., 490 U.S. at 327, or when the claims rely on
factual allegations that are "clearly baseless." Denton v.

                            2

Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

no misconduct occurred.[1]

The plaintiff states that he was assaulted by officers employed at the South Florida Reception Center on August 28, 2009. The plaintiff names the defendants solely as John and Jane Does.

The plaintiff has stated a claim for relief.  An allegation of an unjustified, brutal use of force against an inmate by a guard states a claim under §1983.  <u>Perry v Thompson</u>, 786 F.2d 1093 (11 Cir. 1986).

However, it is the responsibility of the plaintiff to provide the Court with the names and places of employment of the named defendants.  The Court cannot effect service without this information.

<u>Conclusion</u>

It is therefore recommended that this case be permitted to proceed at this preliminary stage for a reasonable period of time. If the plaintiff fails to provide the Court with the names and addresses of the defendants the case shall be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 13th day of April, 2011.

_____

UNITED STATES MAGISTRATE JUDGE

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

4

```
cc:   Abdelaziz Hamze, Pro Se
      #L81379
      Santa Rosa CI
      Address of record
```